IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § § | CASE NUMBER 1:9-CR-00142-MAC |
| ROGER DALE LANDRY, II., | | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 26, 2024, alleging that the Defendant, Roger Dale Landry, II., violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Roger Dale Landry, II. was sentenced on March 7, 2011, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Receipt and Distribution of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of II, was 188 to 235 months. Roger Dale Landry, II. was subsequently sentenced to 204 months' imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure; refrain from the use of any intoxicant unless prescribed; drug aftercare; sex offender

treatment and testing; no contact with minors; computer and internet restrictions; no sexually explicit material; search terms; and a $100 special assessment.

## II.  The Period of Supervision

On April 6, 2023, Roger Dale Landry, II. completed his period of imprisonment and began service of the supervision term.   On April 13, 2023, the court modified the conditions of release, with the Defendant's consent, to include any combination of psychiatric, psychological, or mental health treatment programs.

On June 20, 2023, the original term of supervised release was revoked, and he was sentenced to 8 months imprisonment followed by an additional 3-year term of supervised release subject to the original conditions of supervision.  He completed his term of imprisonment on January 4, 2024, and commended his new term of supervised release.  On February 6, 2024, the court modified the special conditions of supervision, with the Defendant's consent, to include 180 days in a residential reentry center in a community corrections component.

## III.  The Petition

On March 4, 2024, United States Probation filed the Petition for Warrant for Offender Under Supervision raising seven allegations.  The petition alleges that Roger Dale Landry, II. violated the following conditions of release:

> Allegation 1. You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines. The defendant's subsistence fees owed to the Residential Re-entry Center will be waived in full, as opposed to the previously established 25% of gross income for subsistence payments.
>
> Allegation 2. You must participate in sex offender treatment services. These services may include psychophysiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment

progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged.

<u>Allegation 3.</u> You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children.

<u>Allegation 4.</u> You must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office.

<u>Allegation 5.</u> You must refrain from any unlawful use of a controlled substance.

<u>Allegation 6.</u> You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.

<u>Allegation 7.</u> You must not communicate or interact with someone you know is engaged in criminal activity.

## IV. Proceedings

On March 6, 2024, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the sixth allegation that claimed he failed to submit to urinalysis testing as directed. In return, the parties agreed that he should serve a term of 9 months' imprisonment, which includes 180 days' unserved community confinement, with three years of supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to Title 18 U.S.C. § 3583(g)(3), if a defendant refuses to comply with drug testing imposed as a condition of supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to submit to urinalysis testing as directed, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.  The Defendant failed to report to the residential reentry center on February 21, 2024.  As such, he has 180 days of unserved community confinement to serve.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment

that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to submit to urinalysis testing as directed. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is II. The policy statement range in the Guidelines Manual is 4 to 10 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to the conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 9 months (which includes 180 days of unserved community confinement converted to an equivalent term of imprisonment), with three years of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to submit to urinalysis testing as directed. The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 9 months' imprisonment (which includes 180 days' unserved community confinement converted to an equivalent term of imprisonment), with three years of supervised release to follow.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when the Defendant was originally sentenced in this case, as well as the modification imposed on April 13, 2023, which added mental health treatment as a condition. Such conditions are set forth in the Judgment and Modification Order, and the rationale for these conditions is contained in the Defendant's Presentence Investigation Report.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 6th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE